# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:06 CR 1-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| DARWIN TURNER, ) | |
| ) | UNDER SEAL |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation Magistrate's Release Order," (file doc. 16), filed February 3, 2006.

On January 23, 2006, Defendant was charged by way of a Bill of Indictment with conspiracy to possess with intent to distribute at least five kilograms of cocaine powder and at least fifty grams of cocaine base (Count One), in violation of 21 U.S.C. § 846. Also on January 23, 2006, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851. Defendant was arrested on January 31, 2006, and his Initial Appearance was held the same day before Magistrate Judge Carl Horn. Subsequently, on February 3, 2006, the detention hearing was held and Defendant was released by Magistrate Judge Horn on a $25,000 unsecured bond with pretrial supervision. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). A rebuttable presumption favoring detention exists in this case. *See* 18 U.S.C. § 3142(e). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In

determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

>   (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a narcotic drug;
>
>   (2)   the weight of the evidence against the person;
>
>   (3)   the history and characteristics of the person, including –
>         (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>         (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court declines to accept the Magistrate Judge's finding that bond is appropriate. First, bond is inappropriate based on the narcotic charges against Defendant, which include possession with intent to distribute cocaine powder and cocaine base. There is probable cause to believe Defendant committed such offense, which is a controlled substance offense carrying a penalty of ten years or more in prison. Moreover, considering Defendant's criminal history and the fact that he is facing a life sentence should he be found guilty of these charges, the Court concludes that no conditions of pretrial supervision could reasonably guarantee his future appearance at Court proceedings. In addition,

the Court notes that two of Defendant's three convictions for Driving While Intoxicated have occurred in the last year. The recent convictions, in particular, show that Defendant poses a clear risk to the community. Finally, the Court notes that Defendant has given at least a partial confession to the charges, lending to the overall weight of the evidence against him.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond reasonably will assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation of Magistrate's Release Order" is hereby **GRANTED**. Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Defendant be **DETAINED** pending further order of this Court.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for private consultation with counsel; and that on an order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding.

Signed: February 8, 2006

Richard L. Voorhees
Chief United States District Judge