IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv36-1-V
5:06cr1-V

| | |
|---|---|
| DARWIN LEWIS TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed May 8, 2008.

## PROCEDURAL HISTORY

On January 23, 2006, Petitioner was one of three co-defendants named in a four count Bill of Indictment. (Crim. Case No. 5:06cr1: Doc. No. 3.) Count One charged Petitioner with conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and at least 5 kilograms of cocaine powder in violation of 21 U.S.C. § 846. Petitioner was not charged in the remaining counts. On that same day, the Government filed a § 851 notice setting forth that on March 2, 1995, Petitioner was convicted on three counts of delivery of cocaine in the District Court of Bell County, Texas. (Crim. Case No. 5:06cr1: Doc. No. 5.) On May 16, 2006, Petitioner entered a straight up guilty plea at his Rule 11 hearing. (Crim. Case No. 5:06cr1: Doc. No. 51.) On April 17, 2007, this Court sentenced Petitioner to 360 months imprisonment. Judgment was entered on May 7, 2007. (Crim. Case No. 5:06cr1: Doc. No. 77.) Petitioner did

not file a direct appeal of his sentence or conviction.

On May 8, 2008, Petitioner filed the instant timely Motion to Vacate. (Doc. No. 1.) In his Motion to Vacate Petitioner alleges that he received ineffective assistance of counsel when his counsel: 1) failed to inform him about his right to file a direct appeal and his right to a jury trial; and 2) failed to challenge the three criminal history points Petitioner received for a 1985 aggravated assault conviction.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Standard of Review**

Petitioner's ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective

standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

**B. Right to a Jury Trial**

Petitioner alleges that his counsel was ineffective because he failed to inform him of a right to a jury trial. Petitioner does not elaborate any further upon this claim.

Petitioner's assertion that his counsel failed to inform him of his right to a jury trial is undermined by the record. A review of the plea hearing[1] reveals that this Court, in accordance with its standard practice, informed Petitioner of this right at his Rule 11 hearing. Indeed, this Court asked Petitioner if he understood this right and that he was waiving it and Petitioner

---

[1] The Court also reviewed Petitioner's plea hearing by listening to a tape recording of the proceeding.

3

responded in the affirmative. (Crim. Case No. 5:06cr1: Doc. No. 51 at ¶¶ 18-20.) Based upon Petitioner's responses under oath at his plea hearing this Court concludes that even if his counsel failed to inform him that he had a right to a jury trial, any prejudice resulting from such omission was obviated by Court's questions and Petitioner's responses. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

**C. Right to Appeal**

Petitioner also alleges that his counsel was ineffective for failing to inform him of his right to appeal. Petitioner does not elaborate any further upon this claim.

Assuming that Petitioner's counsel failed to consult with him regarding his right to appeal, the question for this Court becomes whether the attorney's failure to consult itself constitutes deficient performance. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe "either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous ground for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Highly relevant in determining whether counsel has a constitutional duty to consult with his client in a particular case is whether the conviction follows a trial or a guilty plea; whether the defendant received the bargained for sentence; and whether the plea agreement expressly waives some or all appeal rights. Id.

The facts of the case do not support a conclusion that a rational defendant would have

4

wanted to appeal. Petitioner pled guilty and received a sentence lower than expected at the time of his plea At his plea hearing[2] Petitioner was informed that he faced a mandatory minimum statutory sentence of life imprisonment. However, at sentencing, as a result of the Government's decision to partially withdraw the § 851 notice, Petitioner was sentenced to the lower sentence of 360 months imprisonment. Moreover, Petitioner does not set forth any non-frivolous ground[3] that could or should have been raised by his attorney on appeal. Id. at 1029.

Likewise, Petitioner has failed to establish that he reasonably demonstrated to counsel that he was interested in appealing. Indeed, despite the fact that this Court made Petitioner aware of his right to appeal,[4] Petitioner does not allege that he demonstrated, in any manner, to counsel that he was interested in appealing. In fact, nowhere in his Motion to Vacate does Petitioner state that had his counsel informed him of his right to appeal, he would have appealed or what issues he wished to raise.

---

[2] The Court reviewed Petitioner's plea hearing by listening to a tape recording of the proceeding.

[3] Petitioner does not specify any claims whatsoever that he would have raised in a direct appeal. Even if this Court assumes that the claims Petitioner raises in his Motion to Vacate would have been the claims he wished to raise on appeal, as set forth in this Order those claims lack merit.

[4] A review of the sentencing transcript reveals that the Court specifically informed Petitioner of his right to appeal his sentence and conviction. (Crim. Case No. 5:06cr1: Doc. No. 105, p. 21.) In addition, the Court informed Petitioner that his counsel would file a notice of appeal if Petitioner requested that he do so. (Crim. Case No. 5:06cr1: Doc. No. 105, p. 21.) Finally, the Court informed Petitioner that an appeal must be filed in writing within ten days of the entry of Judgment. (Crim. Case No. 5:06cr1: Doc. No. 105, p. 21.) Thus, based upon the record, it is obvious to the Court that Petitioner was aware of his right to appeal and his need to inform his counsel of his wish to do so.

### C. Failure to Challenge Pre-Sentence Report

Petitioner also alleges that he received ineffective assistance of counsel because his counsel did not challenge the three criminal history points Petitioner received for a 1985 aggravated assault conviction.

At a minimum, Petitioner fails to establish that he was prejudiced by his counsel's failure to challenge this conviction. Petitioner appears to believe that his counsel should have challenged this conviction because "I completed two years probation . . . and such charges did not list an actual discription [sic] of how/why this assault happened." (Doc. No. 1, p. 19.)[5] Neither of these facts provides any basis for challenging the application of three criminal history points for this conviction. Moreover, the Court has reviewed the application of § 4A1.1(a) of the United States Sentencing Guidelines and finds that such section was properly applied. Consequently, Petitioner has failed to establish his ineffective assistance of counsel claim on this basis.

### CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner has failed to establish that he received ineffective assistance of counsel. In particular, Petitioner failed to establish that he was prejudiced by any of the alleged acts of his counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

---

[5] The Court's references to page numbers in Petitioner's Motion to Vacate correspond to the page numbers generated by the Court's electronic filing system.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

Signed: June 5, 2008

Richard L. Voorhees
United States District Judge