IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00104-RLV
(5:06-CR-00001-RLV-DCK-2)

| | |
|---|---|
| DARWIN LEWIS TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* motion for collateral relief which the Court finds is properly considered under the provisions of 28 U.S.C. § 2255.[1]

I.    BACKGROUND

On May 16, 2006, Petitioner pleaded guilty without benefit of a plea agreement to one count of conspiracy to possess with intent to distribute cocaine powder and cocaine base, in violation 21 U.S.C. § 846.[2] In Petitioner's presentence report ("PSR") the probation officer concluded Petitioner qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") based on a prior North Carolina conviction for aggravated assault, which Petitioner sustained in Iredell County, and three convictions for delivery of cocaine, which Petitioner sustained in Texas. (5:06-CR-00001, Doc. No. 150: PSR ¶¶ 23, 28, 35). On April 17,

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted).

[2] After the return of the indictment, the Government filed notice of its intention to seek enhanced penalties based on prior drug convictions, but later amended the § 851 notice to reflect that it would only rely on one prior conviction based on Petitioner's substantial assistance.

1

2007, Petitioner was sentenced to a term of 360-months' imprisonment and he did not file a direct appeal. (Id., Doc. No. 77: Judgment).

On May 8, 2008, Petitioner filed a *pro se* § 2255 motion in which he raised claims of ineffective assistance of counsel. The Court dismissed the motion on initial review after finding that Petitioner's claims were without merit. (5:08-cv-00036-RLV, Doc. No. 2: Order). Petitioner did not file a direct appeal.

Rather, a few months after the § 2255 motion was dismissed, Petitioner filed a Rule 60(b) motion in an effort to challenge the disposition of his first § 2255 motion. The Rule 60(b) motion was converted into a § 2255 proceeding after the Court concluded that Petitioner's contentions that errors of law were committed in his initial § 2255 proceeding was in fact an unauthorized, successive effort for relief under § 2255, and the motion was dismissed on that basis. Turner v. United States, No. 5:08-CV-00133-RLV (W.D.N.C. Nov. 7, 2008), appeal dismissed, United States v. Turner, 318 F. App'x 5965 (4th Cir. 2009) (unpublished).[3]

In the present collateral action, Petitioner again challenges his criminal judgment this time contending that he is entitled to relief from his designation as a career offender. (5:15-CV-00104, Doc. No. 1 at 1-2).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record, the Court finds that this matter can be resolved

---

[3] In the order of dismissal, the Circuit panel denied Petitioner authorization to file a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(2).

without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has failed to present evidence that he has obtained the necessary authorization from the Fourth Circuit to proceed with another collateral attack on his criminal judgment. The Court is therefore without jurisdiction to consider the merits, if any, in this latest collateral proceeding. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v.Winestock, 340 F.3d 203, 205 (2003). For the foregoing reasons, Petitioner's motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED without prejudice as successive**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: August 19, 2015

Richard L. Voorhees
United States District Judge